1  Peter W. Craigie, State Bar No. 99509
2  Craigie, McCarthy & Clow
   540 Pacific Avenue
3  San Francisco, California 94133
   Telephone: 415-732-7788
4  Facsimile: 415-732-7783
   E-mail: craigielaw@aol.com
5
6  Robert N. Levin
   *Pro Hac Vice*
7  Law Offices Of Robert N. Levin, P.C.
   1901 Research Boulevard, Suite 400
8  Rockville, Maryland 20850-3164
   Telephone: 301-517-8727
9  Telecopier: 301-762-4056
   E-mail: r.levin@erols.com
10
11 Attorneys for Defendant and Counterclaimant
   BABY BE MINE, LLC
12
13              UNITED STATES DISTRICT COURT
14             NORTHERN DISTRICT OF CALIFORNIA
15
16 INGRID & ISABEL, INC., a California        Case No. CV-08-02554 JCS
   corporation, and INGRID & ISABEL,
17 LLC, a California limited liability        **BABY BE MINE, LLC's ANSWER TO**
   company,                                   **COMPLAINT and BABY BE MINE, LLC's**
18                                            **COUNTERCLAIMS**
                     Plaintiffs,
19         vs.
20 BABY BE MINE, LLC, a Delaware limited      **JURY TRIAL REQUESTED**
   liability company,
21
22                   Defendant.
   _____
23 BABY BE MINE, LLC,
24             Counterclaimant,
25         vs.
26 INGRID & ISABEL, INC., a California
   corporation, and INGRID & ISABEL, LLC, a
   California limited liability company,
27
28                 Counterdefendants.

CRAIGIE, McCARTHY & CLOW
Telephone: 415-732-7788 · Facsimile: 415-732-7783

Defendant BABY BE MINE, LLC ("Defendant") hereby responds to the Complaint of plaintiffs INGRID & ISABEL, INC. and INGRID & ISABEL, LLC, and further alleges as follows:

## ANSWER TO COMPLAINT

Comes now Defendant BABY BE MINE, LLC, by and through counsel, and for Answer to the Complaint herein, respectfully shows the Court as follows:

### First Defense

For specific response to the allegations of the Complaint, Defendant respectfully shows the Court as follows:

1.      Paragraph 1 requires no response.  If a response is required, Defendant denies any of the wrongful acts asserted against it.

2.      Paragraph 2 states the legal conclusions of the pleader to which no response is required.  Defendant admits that the cited statutory provisions exist.

3.      The allegations of the first sentence of Paragraph 3 state the legal conclusions of the pleader to which no response is required.  The allegations of the second sentence are denied. As to the third sentence of Paragraph 3, Defendant admits that it solicits business in this judicial district but denies all other characterizations of that business contained therein as being vague and imprecise.

4.      The allegations of Paragraph 4 are denied to the extent that they allege that there were infringing activities.  As to the balance of the allegations of Paragraph 4, they state the legal conclusions of the pleader to which no response is required.

5.      Paragraph 5 states the legal conclusions of the pleader to which no response is required.

6.      Defendant lacks sufficient information upon which to form a belief as to the allegations of Paragraph 6.

7.      Defendant lacks sufficient information upon which to form a belief as to the allegations of Paragraph 7.

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

Answer and Counterclaim

8.    Defendant lacks sufficient information upon which to form a belief as to the allegations of Paragraph 8.

9.    The allegations of Paragraph 9 are admitted except Defendant denies that its products embody the claims of the subject patent.

10.    Defendant lacks sufficient information upon which to form a belief as to the allegations of Paragraph 10.

11.    Defendant lacks sufficient information upon which to form a belief as to the allegations of Paragraph 11.

12.    Defendant lacks sufficient information upon which to form a belief as to the allegations of Paragraph 12.

13.    As to the allegations of Paragraph 13, Defendant states that the patent speaks for itself and so it denies all characterizations thereof.

14.    The allegations of Paragraph 14 are denied.

15.    As to the allegations of Paragraph 15, Defendant avers that all maternity belts, Plaintiffs', Defendants' and those of many other producers, are designed to deal with the changing size and shape of a woman's body as the result of a pregnancy.

16.    As to the allegations of Paragraph 16, Defendant admits receiving a notice from Plaintiffs.   Defendant denies all other allegations of this Paragraph.

17.    Defendant lacks sufficient information upon which to form a belief as to the allegations of Paragraph 17.

18.    As to the allegations of Paragraph 18, Defendant admits the allegations of the first sentence and denies the allegations of the second sentence.

19.    The allegations of Paragraph 19 are denied.

20.    The allegations of Paragraph 20 require no response but if a response is required, Defendant repeats all of the foregoing and incorporates the same herein by reference as fully as if the foregoing allegations had been repeated herein verbatim.

21.    The allegations of Paragraph 21 are admitted but Defendant avers further that there is no legal impediment to its continuing in business.

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

Answer and Counterclaim

1    22.    The allegations of Paragraph 22 are denied.

2    23.    The allegations of Paragraph 23 are denied.

3    24.    The allegations of Paragraph 24 are denied.

4    25.    The allegations of Paragraph 25 are denied.

5    26.    The allegations of Paragraph 26 require no response but if a response is required,

6 Defendant repeats all of the foregoing and incorporates the same herein by reference as fully as if

7 the foregoing allegations had been repeated herein verbatim.

8    27.    Defendant lacks sufficient information upon which to form a belief as to the

9 allegations of Paragraph 27.

10    28.    As to the allegations of Paragraph 28 of the Complaint, the allegations of the first

11 sentence are admitted and the allegations of the second sentence are denied.

12    29.    The allegations of Paragraph 29 are denied.

13    30.    The allegations of Paragraph 30 are denied.

14    31.    The allegations of Paragraph 31 are impermissibly vague and imprecise and so

15 they are denied.

16    32.    The allegations of Paragraph 32 are admitted.

17    33.    The allegations of Paragraph 33 are denied.

18    34.    The allegations of Paragraph 34 are denied.

19    35.    The allegations of Paragraph 35 require no response but if a response is required,

20 Defendant repeats all of the foregoing and incorporates the same herein by reference as fully as if

21 the foregoing allegations had been repeated herein verbatim.

22    36.    The allegations of Paragraph 36 are too vague and imprecise to allow a meaningful

23 response and so they are denied as stated.  Defendant admits that it sells its products in California

24 and other States by several means of commerce including the Internet.

25    37.    The Defendant lacks sufficient information upon which to form a belief as to the

26 allegations of Paragraph 37.

27    38.    As to the allegations of Paragraph 38 of the Complaint, the allegations of the first

28 sentence are admitted and the allegations of the second sentence are denied.

Answer and Counterclaim

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

39.     The allegations of Paragraph 39 are denied.

40.     The allegations of Paragraph 40 are denied.

41.     The allegations of Paragraph 41 are denied.

42.     The allegations of Paragraph 42 are denied.

43.     The allegations of Paragraph 43 are denied.

44.     The allegations of Paragraph 44 require no response but if a response is required, Defendant repeats all of the foregoing and incorporates the same herein by reference as fully as if the foregoing allegations had been repeated herein verbatim.

45.     Defendant lacks sufficient information upon which to form a belief as to the allegations of Paragraph 45.

46.     As to the allegations of Paragraph 46 of the Complaint, the allegations of the first sentence are admitted and the allegations of the second sentence are denied.

47.     The allegations of Paragraph 47 are denied.

48.     The allegations of Paragraph 48 are denied,

49.     The allegations of Paragraph 49 are denied.

50.     The allegations of Paragraph 50 are denied.

51.     The allegations of Paragraph 51 are denied.

52.     The allegations of Paragraph 52 are denied.

53.     Any allegation of the Complaint not explicitly admitted above is denied and strict proof demanded thereof.

## Second Defense

54.     The claims made in the Complaint are barred by prior adjudications between these parties or persons in privity therewith.

## Third Defense

55.     The claims made in the Complaint are barred by a settlement agreed previously entered into between these parties or persons in privity therewith.

## Fourth Defense

56.     Based upon the allegations of Paragraphs 10-12 of the Complaint, Plaintiff Ingrid

5

& Isabel, LLC lacks standing to assert the claims it has made in this action.

### Fifth Defense

57.     The Complaint and each count thereof fails to state a claim for which relief can be granted.

### Sixth Defense

58.     The patent which is the subject of this action is invalid in that the claimed invention is one that is well known in the prior art in that it teaches use of a stretchable belt to hold up garments.

### Seventh Defense

59.     The patent which is the subject of this action is invalid in that the claims therein would be obvious to one skilled in the art based upon prior art.

### Eighth Defense

60.     Each of the claims of the patent which is the subject of this action is a method claim that can only be infringed by a woman who uses a maternity band to keep her skirt or pants up.  They cannot be infringed by Defendant limited liability company.

### Ninth Defense

61.     Defendant cannot be guilty of contributory infringement in that its products can be used for reasons other than holding up skirts and pants which is a critical element of every claim of the patent in suit.

### Tenth Defense

62.     Defendant has never induced any person to use its products in a manner that would infringe any of the claims of the patent in suit.

### Eleventh Defense

63.     The Plaintiffs are barred from bringing this action based upon the doctrine of laches.

### Twelfth Defense

64.     The Plaintiffs are barred from bringing this action by their own inequitable conduct.

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

Answer and Counterclaim

Wherefore, the premises considered, Defendant respectfully prays that the Complaint be dismissed and that Plaintiffs take nothing thereby and that Defendant be awarded costs including reasonable attorneys fees pursuant to, inter alia, 35 U.S.C. 285.

## **COUNTERCLAIMS**

Comes now BABY BE MINE, LLC (which shall continue to be referred to as "Defendant") and sues INGRID & ISABEL, INC. AND INGRID & ISABEL, LLC (which shall continue to be referred to as "Plaintiffs"), and for causes of action respectfully shows the Court as follows:

### **Jurisdiction**

1.      Defendant is a limited liability company organized under the laws of the State of Connecticut and having its principal place of business in that State.

2.      Based upon Paragraph 6 of the Complaint, Ingrid & Isabel, Inc. is a corporation organized under the laws of the State of California had having its principal place of business in that State.

3.      Based upon Paragraph 7 of the Complaint, Ingrid & Isabel, LLC is a limited liability company organized under the laws of the State of California having its principal place of business in that State.

4.      The Plaintiffs have sued Defendant alleging that Defendant infringed U.S. Patent No. 7,181,775.

5.      The Plaintiffs have sued Defendant alleging that Defendant is guilty of unfair trade practices under the Lanham Act, 15 U.S.C. 1125(a).

6.      The Plaintiffs have sued Defendant alleging state law based claims of unfair competition.

7.      There is complete diversity of citizenship between Plaintiffs on the one hand and Defendant on the other and the amount in controversy exceeds $75,000.

8.      This Court has jurisdiction in this matter under 28 U.S.C. 1338 and 1331.

9.      This Court has jurisdiction in this matter under 28 U.S.C. 1332.

10.      There now exists an actual controversy within the jurisdiction of this Court

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

Answer and Counterclaim

1    between Plaintiffs on the one hand and Defendant on the other and this Court may declare the

2    rights and other legal relations of the parties under 28 U.S.C. 2201(a).

3         11.    This Court has supplemental jurisdiction in regard to whatever non-Federal claims

4    are made herein or which might arise in this matter pursuant to 28 U.S.C. § 1367, in that those

5    claims would be so related to the original jurisdiction  claims in this action that they form part of

6    the same case or controversy under Article III of the United States Constitution.

7         12.    Plaintiffs may be sued in this District because the regularly do business in this

8    District and because they submitted to the jurisdiction of this Court by filing suit in this Court.

9         13.    Venue is also proper in that Plaintiffs are residents of this State.

10                    **Count I -The Patent Claim - Declaratory Judgment**

11        14.    Defendant realleges all of the foregoing and incorporates the same herein by

12   reference as fully as if those allegations had been repeated verbatim herein.

13        15.    Each independent claim of the patent in suit, thus every dependent claim thereof,

14   requires as a claim element that the subject garment be used to hold up a woman's skirt or pants.

15   That can be seen from the following claim language in the independent claims of the patent:

16   Claim 1, ("whereby the band holds the upper end of the pants or skirt closely against the torso

17   retaining the pants or skirt in place"); Claim 5 ("to hold the skirt or pants in place on the women's

18   [sic] body); Claim 7 ("to hold the skirt or pants in place on the women's [sic] body; Claim 8

19   ("whereby the band holds the upper end of the pants or skirt closely against the torso, retaining

20   the parts of skirt in place"); Claim 13 ("to hold the skirt or pants on the woman's body"), and

21   Claim 15 ("to hold the skirt or pants in place on the women's [sic] body").

22        16.    Defendant causes to have manufactured and sales maternity belts under the

23   tradename Belly Bands.  Typical advertising depictions of Defendant's Belly Band products are

24   attached hereto and incorporated herein as Exhibit "1".

25        17.    Defendant's Belly Bands are designed to be worn over the abdomen of a woman

26   as decorative cover to allow the woman to wear skirts and pants unbuttoned as needed to

27   accommodate the changes in a woman's body shape as the result of a pregnancy.  They are never

28   advertised as being a means by which skirts or pants can be held up.  They are manufactured in

Answer and Counterclaim

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

soft fabrics and would not function to hold up skirts or pants unless a woman chose to wear a Belly Band that was too small in size and worn in disregard to the sizing shown on Defendant's packaging materials.

18.    Defendant cannot directly infringe the claims of the patent because it is an LLC and therefore is not a woman, it is never pregnant and it never wears pants or skirts.

19.    Defendant cannot be guilty of contributory infringement because its products can be used in a non-infringing manner, *i.e.*, they can be used for and are sold for use as decorative items not related to holding up skirts and pants.

20.    Defendant is not guilty of inducing others to infringe the patent is suit because it never mentions use of its products to hold up any other garments in any of its advertising and promotional materials.

21.    Based upon the foregoing, Defendant does not directly or contributorily infringe any of the claims of the patent in suit and it does it induce others to infringe it.

Wherefore, the premises considered, Defendant respectfully prays for a judgment of this Court declaring that Defendant is not guilty of infringing U.S. Patent No.7,181,775, and that it is entitled to recover its costs including attorneys' fees in accordance with 35 U.S.C. 285, and for such other and further relief as to the Court shall seem just.

## Count II - Breach of Contract

22.    Defendant realleges all of the foregoing and incorporates the same herein by reference as fully as if those allegations had been repeated verbatim herein.

23.    Plaintiff Ingrid and Isabel, Inc. sued Baby Be Mine, LLC (Defendant herein) and the owners of Defendant, Isabelle Gartner and Helen Tekce, in this Court in No. C. 06 1832 (the "First Case").  A copy of the Complaint in that action (the "First Complaint") is attached hereto and incorporated herein as Exhibit "2".

24.    The First Complaint is in two Counts.  Count One alleges violation of common law rights including unfair competition and Count Two alleges violations of 15 U.S.C. § 1125(a) which correspond to the unfair trade claims of the instant suit.

Answer and Counterclaim

1

2

25.    The immediate subject matter of the First Complaint was an allegation that Defendants in that action had violated Plaintiffs' rights to the mark BELLA BAND.

3

4

5

26.    The First Suit was resolved by a General Release and Settlement Agreement (the "Agreement") dated May 11, 2006.  A copy of the Agreement is attached hereto and incorporated herein as Exhibit "3".

6

7

8

27.    Paragraph 3 of the Agreement authorizes this Defendant to continue in business selling its maternity belts with the proviso that it not use the term "Bella Band."  Defendant has not used the term Bella Band since entering into the Agreement.

9

28.    In Paragraph 7 of the Agreement, Plaintiffs agreed as follows:

10

11

12

13

14

15

> plaintiffs . . . fully and forever release, remise, quit-claim and fully and forever discharge defendants form any and all known or unknown claims, demands, damages, accounts, debts, liens, suits, actions and rights or causes of action, which they now have or have ever had against defendants by reason of, or related to, any matter, event, thing, act transaction or occurrence whatsoever that relates or refers to the Action, including, but not limited to, claims of defense that were asserted or could have been asserted in the Action, from the beginning of time up and including the date of this Agreement.

16

17

18

19

20

29.    The business practices of Defendant herein including the nature and construction of its products, its advertising and promotional materials are essentially the same today as they were on May 11, 2006, with the exception of Defendant's prior use of BELLA BAND to describe its products.

21

22

23

30.    The patent in suit issued after the date of the Agreement but it was filed in 2003 and to the extent that it discloses an invention proprietary to Plaintiffs, that invention was known to Plaintiffs on May 11, 2006.

24

25

31.    Plaintiffs' maternity band products embodied the invention disclosed in the subject patent, to the extent that it discloses any thing that is inventive, on May 11, 2006.

26

27

28

32.    The Agreement was made the subject matter of the final disposition of the First Suit by this Court.  In a document entitled Request for Dismissal and Order ("Order") which was signed and entered by Judge Wayne D. Brazil on May 17, 2007.  A copy of the Order is attached

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

Answer and Counterclaim

1    hereto an incorporated herein as Exhibit "4".

2        33.    The Order was based entirely the Agreement and this Court retained jurisdiction

3    "to enforce the terms of the parties' Agreement."

4        34.    Plaintiffs have filed an Administrative Motion to Consider Whether Cases should

5    be Related Pursuant to Civil Local Rules 3-12 and 7-11 in the instant action in which Plaintiffs

6    correctly assert that this case and the First Suit "concern substantially the same parties, property,

7    transaction or event."

8        35.    The actions of Defendant complained of by Plaintiffs in their Complaint herein are

9    related to the matters, events, things, acts, transactions or occurrences that were the subjects of the

10   First Suit.

11       36.    Based upon the foregoing, Plaintiffs have breached the Agreement by bringing this

12   action on claims that are clearly barred by the Agreement.

13       37.    Plaintiffs' breaches of the Agreement have foreseeably and directly caused injuries

14   to Defendant in that it has been forced to defend this action and bear the expenses related hereto.

15       38.    The full amount of the damages caused by the said breaches of contract by

16   Plaintiffs is not known and will not be known until this case is finished.

17       Wherefore, the premises considered, Defendant respectfully prays for judgment in such

18   amount as the evidence shall show it to be entitled to, costs, and such other and further relief as to

19   the Court shall seem just.

20                       **<u>DEMAND FOR JURY TRIAL</u>**

21       Defendant hereby demands trial by jury on all issues triable to a jury.

22

23   Dated: July 24, 2008                    CRAIGIE, McCARTHY & CLOW

24

25                                 _____*/s/ Peter W. Craigie*_____
                                   Peter W. Craigie
26                                 Attorneys for Defendant and Counterclaimant
                                   BABY BE MINE, LLC
27

28

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

Answer and Counterclaim




As seen in:



NEW!
INTRODUCING
BAMBOO
BANDS

SHIPPING
$2.95
ON ALL ORDERS
IN THE US

SHOP
NOW

MATERNITY BELLY BANDS

DELIVERY GOWNS

TELL OPRAH!
Do you LOVE your Maternity Belly Band and Gownie?
Do you think they make great baby shower gifts? TELL OPRAH!




ABOUT US | EMAIL | TERMS OF USE | STORE LOCATION | WHOLESALE | THINGS WE LOVE!

©2008 Baby Be Mine Maternity, LLC. All Rights Reserved.



*baby be mine* maternity

HOME | CELEBRITY BUZZ | SHOP NOW | PRESS | MY ACCOUNT        SHOPPING BAG

**SALE!**
SAVE 15%
On Entire Order!
Enter Code "summer"
at checkout.
*Clearance and sale bands
not included.*

## Collections
Maternity Belly Bands
Maternity Belly Band Packs
Delivery Gowns

## Information
How to Wear
**CLEARANCE**
Sizing Chart
Customer Relations
In the News
Celebrity Buzz
About Us
Things We love
Contact Us

Top ≫ Catalog ≫ **Maternity Belly Bands**

| BAMBOO WHITE | BAMBOO BLACK | SOLID WHITE |
|---|---|---|

 

| $23.99 | $23.99 | $21.99 |
|---|---|---|

ADD TO CART / DETAILS   ADD TO CART / DETAILS   ADD TO CART / DETAILS

| SOLID BLACK | SIMPLY TAUPE | BALLAD BLUE |
|---|---|---|

  

| $21.99 | $21.99 | $21.99 |
|---|---|---|

ADD TO CART / DETAILS   ADD TO CART / DETAILS   ADD TO CART / DETAILS

| GLACIER GRAY | RASPBERRY ROSE | SOLID PINK |
|---|---|---|

*Now on Sale!*



CHIFFON BLACK

**$6.99** ~~$21.99~~



Gift Wrap
Now Available



Order 2 Bands
and SAVE MORE!
**BAMBOO
MATERNITY BAND
2 PACK
Only $44.99**
*baby be mine*
maternity

Order 2 Bands
and SAVE MORE!
**MATERNITY BAND
2 PACK
Only $39.99**
*baby be mine*
maternity

Order 3 Bands
and SAVE MORE!
**MATERNITY BAND
3 PACK
Only $58.99**
*baby be mine*
maternity





**$21.99**  ADD TO CART  DETAILS       **$21.99**  ADD TO CART  DETAILS       **$21.99**  ADD TO CART  DETAILS

SOLID COCOA                    SOLID STONE                    SOLID NAVY BLUE






**$21.99**  ADD TO CART  DETAILS       **$21.99**  ADD TO CART  DETAILS       **$21.99**  ADD TO CART  DETAILS

DOTTILICIOUS                   JOLIE FLEUR                    TAUPE FLEUR







**$21.99**
ADD TO CART
DETAILS
BLUE PAISLEY

**$21.99**
ADD TO CART
DETAILS
PURPLE PAISLEY

**$21.99**
ADD TO CART
DETAILS
BROWN AND PINK PRINT

**$21.99**
ADD TO CART
DETAILS
BROWN AND CREAM PRINT

**$21.99**
ADD TO CART
DETAILS
BLACK AND WHITE PRINT

~~$21.99~~ **$16.99**
ADD TO CART
DETAILS
BLACK FLOWER PRINT

~~$21.99~~ **$9.99**
ADD TO CART
DETAILS
MOMMY+DADDY=ME

~~$21.99~~ **$16.99**
ADD TO CART
DETAILS
TWINS

**$21.99**
ADD TO CART
DETAILS
QUESTION WHITE



$21.99                    $21.99                    $21.99

**ADD TO CART**           **ADD TO CART**           **ADD TO CART**
DETAILS                   DETAILS                   DETAILS

QUESTION BLACK            CHIFFON WHITE             CHIFFON BLACK

$21.99                    ~~$21.99~~ $6.99          ~~$21.99~~ $6.99

**ADD TO CART**           **ADD TO CART**           **ADD TO CART**
DETAILS                   DETAILS                   DETAILS

Displaying 1 to 27 (of 27 products)                 Result Pages: 1

TERMS OF USE | STORE LOCATION | WHOLESALE | THINGS WE LOVE!

©2008 Baby Be Mine Maternity, LLC. All Rights Reserved.

1   FREAR STEPHEN SCHMID, CSB NO. 96089
    ATTORNEY AT LAW
2   177 POST STREET, SUITE 890
    SAN FRANCISCO, CA 94108
3   TELEPHONE: (415) 788-5957
    FACSIMILE: (415) 788-5958
4
    Attorney for Plaintiffs
5   INGRID CARNEY AND INGRID & ISABEL, INC.

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  INGRID CARNEY AND INGRID &           No.
    ISABEL, INC.,
12                                       COMPLAINT FOR TRADEMARK
                Plaintiffs,              INFRINGEMENT AND UNFAIR
13                                       COMPETITION
    v.                                   [Jury Trial Demanded]
14
    ISABELLE GARTNER AND HELEN
15  TEKCE, individually and collectively
    d.b.a. BABY BE MINE,
16
                Defendants.
17                                        /

18

19      Plaintiffs, INGRID CARNEY and INGRID & ISABEL, INC., allege that:

20      1.   **Jurisdiction.** This Court has jurisdiction over this action in that plaintiffs,

21  Ingrid Carney and Ingrid & Isabel, Inc., are citizens of the State of California and

22  defendants, Isabelle Gartner and Helen Tekce, are residents of the State of

23  Connecticut and are doing business as Baby Be Mine under the laws of the State of

24  Connecticut having their principal place of business in the State of Connecticut. The

25  matter in controversy exceeds, exclusive of interest and costs, the sum of $100,000.00.

26      2.   Plaintiffs are an individual, Ingrid Carney, and a corporation, Ingrid &

27  Isabel Inc., incorporated under the laws of the State of California having its principal

28  place of business in San Francisco, California, hereinafter collectively referred to as

COMPLAINT                                        1

1  "plaintiffs."

2       3.      Defendants are individuals, Isabelle Gartner and Helen Tekce,

3  individually, and both doing business as Baby Be Mine, operating under the laws of the

4  State of Connecticut, hereinafter collectively referred to as "defendants."

5       4.      Continuously since on or about July, 2003, plaintiffs have used the mark

6  "Bella Band" to identify their maternity waist band and to distinguish them from those

7  made and sold by others, by, among other things, prominently displaying the mark

8  "Bella Band" on the goods, their containers and the displays associated therewith.  In

9  addition, plaintiffs have prominently displayed said mark on store fronts, letterheads,

10 bills, direct mail advertising, telephone directory advertising and in periodicals

11 distributed throughout the United States.

12      5.      Within the last two years, defendants have infringed on plaintiffs' mark in

13 interstate commerce by various acts, including operating a store on the internet under

14 the domain name of "babybeminematernity.com" and selling, offering for sale and

15 advertising patents, maternity waist bands under the name and marks of "Bella Band,"

16 "Belly Band," "Bella Belly Band," and "Bella Baby Be Mine Maternity Belly Band."  Said

17 use of said names and marks by defendants was and is without permission or authority

18 of plaintiffs and said use by defendants has caused and is likely to cause confusion, to

19 cause mistake and to deceive.

20      6.      Defendants' trademark infringement and unfair competition have been

21 committed with the intent to cause confusion, mistake and to deceive.

22      7.      Plaintiffs have requested defendants to cease and desist from their acts of

23 trademark infringement, but defendants have refused to cease such acts.

24                          <u>COUNT ONE</u>
              [Unfair Competition by Infringement of Common Law Rights]
25

26      8.      Plaintiffs hereby allege, as if fully set forth, the allegations of Paragraphs 1

27 through 7, inclusive, herein.

28      9.      Said acts of defendants constitute unfair competition and an infringement

                                        2

COMPLAINT

1    of plaintiffs' common law rights in said mark "Bella Band."

2        10.    Continuously since on or about July, 2003, plaintiffs have used the mark

3    "Bella Band" to identify their goods and to distinguish them from those made and sold

4    by others, by, among other things, prominently displaying the mark "Bella Band" on the

5    goods, their containers and displays associated therewith.  In addition, plaintiffs have

6    prominently displayed said mark on store fronts, letterheads, bills, direct mail

7    advertising, telephone directory advertising and in periodicals distributed throughout the

8    United States.  Said goods and advertising have been distributed in the trade area

9    where defendants are doing business.  As a result of said sales and advertising by

10   plaintiffs under said mark, said mark has come to indicate to said purchasers a

11   meaning of maternity waist bands originating only with plaintiffs.  As a result of said

12   association by purchasers of the mark "Bella Band" with plaintiffs, defendants' said use

13   of the mark and the names "Bella Band," "Belly Band" "Bella Belly Band," and "Bella

14   Baby Be Mine Maternity Belly Band" are likely to cause confusion of said purchasers.

15       11.    Defendants have infringed plaintiffs' mark as alleged herein with the intent

16   to deceive the public into believing that goods sold by defendant are made by,

17   approved by, sponsored by or affiliated with plaintiffs.  Defendants' acts as alleged

18   herein were committed with the intent to pass off and palm off defendants' goods as the

19   goods fo plaintiffs, and with the intent to deceive and defraud the public.

20       12.    By reason of defendants' acts alleged herein, plaintiffs have and will suffer

21   damage to their business, reputation and good will and the loss of sales and profits

22   plaintiffs would have made but for defendants' acts, in an amount according to proof but

23   in excess of $500,000.00.

24       13.    Further, the acts of defendants are willful and done with conscience

25   disregard of plaintiffs' rights, such that plaintiffs are entitled to punitive damages and/or

26   treble damages.

27       14.    Defendants threaten to continue to do the acts complained of herein, and

28   unless restrained and enjoined, will continue to do so, all to plaintiffs irreparable

3

1    damage. It would be difficult to ascertain the amount of compensation which could

2    afford plaintiffs adequate relief for such continuing acts, and a multiplicity of judicial

3    proceedings would be required. Plaintiffs' remedy at law is not adequate to compensate

4    it for injuries threatened.

5                              **COUNT TWO**
                  **[Violation of Lanham Act by Use of False**
6                 **Designation in Interstate Commerce**

7        15.    Plaintiffs hereby allege, as if fully set forth, the allegations of Paragraphs 1

8    through 14, inclusive.

9        16.    Within the last two years, defendants have caused maternity waist bands

10   to enter into interstate commerce with the designation and representation Bella Band,

11   Bella Belly Band and Belly Band, and Bella Baby Be Mine Maternity Belly Band

12   connected therewith. Said use was and is a false designation of origin which was and

13   is likely to cause confusion, to cause mistake and to deceive as to the affiliation,

14   connection or association of defendants with plaintiffs and as to the origin, sponsorship,

15   or approval of such maternity waist bands by plaintiffs. These acts were and are in

16   violation of 15 U.S.C.A. § 1125(a), in that defendants have used in connection with

17   goods and services a false designation of origin, a false or misleading description and

18   representation of fact which is likely to cause confusion, and to cause mistake, and to

19   deceive as to the affiliation, connection, or association of defendants with plaintiffs and

20   as to the origin, sponsorship, and approval of defendants' goods, services and

21   commercial activities by plaintiffs.

22                              **PRAYER FOR RELIEF**

23       WHEREFORE, plaintiffs pray:

24       1.    That this Court grants an injunction enjoining and restraining defendants

25   and their agents, servants and employees from (1) directly or indirectly using the word

26   "Bella Band" or any other mark, word or name similar to plaintiffs' mark which is likely to

27   cause confusion, including but not limited to, Belly Band and/or Bella Belly Band, and

28   (2) continuing any and all acts of unfair competition as herein alleged.

4

COMPLAINT

1      2.    That defendants be required to account to plaintiffs for any and all profits

2    derived by defendants from the sale of its goods and for all damages sustained by

3    plaintiffs by reason of said acts of infringement and unfair competition complained of

4    herein.

5      3.    General and special damages according to proof, but in excess of

6    $500,000.00.

7      4.    That this Court award plaintiffs treble the amount of actual damages

8    suffered by plaintiffs and the Lanham Act § 43(a).

9      5.    That this Court award punitive and exemplary damages against

10    defendants and in favor of plaintiffs in the sum of $500,000.00 by reason of defendants'

11    fraud and palming off and willful tortious conduct.

12      6.    That costs of this action be awarded plaintiffs.

13      7.    That this is an exceptional case and that plaintiffs be awarded its

14    reasonable attorney fees.

15      8.    That this Court grant such other and further relief as it shall deem just.

16    DATED: March 9, 2006

17

18    Frear Stephen Schmid, Attorney for
    Plaintiffs INGRID CARNEY AND
    INGRID & ISABEL, INC.

19

20    **JURY DEMAND**

21    Plaintiffs hereby demand a trial by jury:

22    DATED: March 9, 2006

23

24    Frear Stephen Schmid, Attorney for
    Plaintiffs INGRID CARNEY AND
    INGRID & ISABEL, INC.

25

26

27

28

COMPLAINT

## GENERAL RELEASE AND SETTLEMENT AGREEMENT
## BY AND AMONG INGRID CARNEY AND INGRID AND ISABEL, INC.,
## ON THE ONE HAND, AND ISABELLE GARTNER, HELEN TEKCE,
## AND BABY BE MINE LLC, ON THE OTHER HAND

This General Release and Settlement Agreement ("Agreement"), is made this 11th day of May, 2006, by and among Ingrid Carney and Ingrid and Isabel, Inc. ("plaintiffs"), on the one hand, and Isabelle Gartner, Helen Tekce, and Baby Be Mine LLC ("defendants"), on the other hand.

WHEREAS, on or about March 6, 2006, plaintiffs filed a Complaint against the defendants in the United States District Court for the Northern District of California, captioned *Ingrid Carney and Ingrid and Isabel, Inc. v. Isabelle Gartner and Helen Tekce, individually and collectively d.b.a Baby Be Mine*, No. C 06 1832 (the "Action").

WHEREAS, in the Complaint, plaintiffs alleged that they have been using the trademark "Bella Band" to identify plaintiffs' maternity waistband (hereinafter "Maternity Band") and to distinguish them from those made and sold by others by, among other things, prominently displaying the mark "Bella Band" on their goods, their containers and the displays associated therewith.

WHEREAS, in the Complaint, plaintiffs alleged that "[w]ithin the last two years, defendants have infringed on plaintiffs' mark in interstate commerce by various acts, including operating a store on the Internet under the domain name of 'babybeminematernity.com' and selling, offering for sale and advertising patents, maternity waistbands under the name and marks of 'Bella Band,' 'Belly Band,' 'Bella Belly Band,' and 'Bella Baby Be Mine Maternity Belly Band.'"

WHEREAS, the Complaint asserted claims for Unfair Competition by Infringement of Common Law Rights (Count I) and Violation of Lanham Act by Use of False Designation in Interstate Commerce (Count II).

WHEREAS, plaintiffs sought, *inter alia,* injunctive relief regarding defendants' use of the word "Bella Band," "Belly Band," and/or "Bella Belly Band," as well as various money damages.

WHEREAS, prior to filing a response to the Complaint, plaintiffs and defendants entered into settlement negotiations for the purpose of resolving the Action.

WHEREAS, plaintiffs and defendants, without admitting any liability, have agreed to settle, compromise, resolve and discontinue the Action and any and all other claims, counterclaims, and/or causes of action between them, whether pleaded or unpleaded in the Action or related in any way to the Action, under the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the mutual promises, covenants, and agreements hereafter set forth and intending to be legally bound, plaintiffs and defendants agree as follows:

1.    **Defendants' Agreement to Discontinue Use of the Word "Bella" in Connection with the Sale, Distribution or Marketing of Maternity Bands.**  Defendants hereby represent, covenant, and warrant to plaintiffs that defendants will cease and desist from using the term "Bella" in connection with defendants' sale, distribution or marketing of Maternity Bands.  Upon execution of this Agreement by all parties, defendants shall have seventy-two (72) hours in which to remove the word "Bella" from all websites, advertising materials or other mediums in which defendants sell, distribute or market Maternity Bands.

2.    **Remedies for Defendants' Failure to Comply With Paragraph 1 of the Agreement.**  Following defendants' satisfaction of their obligations set forth in paragraph 1 of this Agreement, should plaintiffs subsequently discover that defendants are using the word "Bella" in connection with defendants' sale, distribution or marketing of Maternity Bands, plaintiffs' counsel shall notify defendants' counsel of the specifics of the alleged improper use, in writing, and defendants shall have seventy-two (72) hours in which to cease, desist and/or terminate the alleged use or otherwise cure the alleged breach of the Agreement.  If the use is not terminated or discontinued at the conclusion of the 72-hour period, plaintiffs shall be entitled to initiate legal action for breach of this Agreement or other causes of action, in a court of competent jurisdiction, and shall be entitled to, *inter alia*, injunctive relief and/or money damages.

Thereafter, should plaintiffs again discover that defendants are using the word "Bella" in connection with defendants' sale, distribution or marketing of Maternity Bands, plaintiffs' counsel shall again notify defendants' counsel of the specifics of the alleged improper use, in writing.  If counsel for the parties confirm that defendants are using the word in violation of this Agreement, defendants agree to pay plaintiffs a total of $500.00 (five hundred dollars) as compensation for the violation ("Violation Fee"), without regard to whether the word "Bella" appeared on one or more website pages or other advertisements.  Each subsequent violation shall result in an increase of the Violation Fee by $500.00 (five hundred dollars), so that a second violation would result in a total violation fee of $1000.00 (one thousand dollars), a third violation would result in a total violation fee of $1500.00 (one thousand five hundred dollars).  If a fourth violation occurs, plaintiffs shall then be entitled to pursue a legal action for breach of the Agreement or other causes of action in a court of competent jurisdiction and shall be entitled to, inter alia, injunctive relief and/or money damages.

3.    **Plaintiffs' Agreement Regarding Defendants' Sale, Distribution or Marketing of Maternity Bands.**  Plaintiffs hereby represent, covenant and warrant to defendants that, following execution of this Agreement by all parties, neither plaintiffs nor their representatives or assigns will initiate any legal or administrative action of any kind against defendants or defendants' representatives or assigns, related to defendants' use of the following terms and phrases:

Maternity Belly Band

Maternity Band

Baby Be Mine Maternity Belly Band

2

Baby Be Mine Belly Band

The parties further acknowledge and agree that the terms and phrases listed above do not constitute an exhaustive or exclusive list of permissible uses by defendants, and that permissible uses also include the use of any other term or phrase in connection with the above-referenced terms and phrases. For example, "Blue Maternity Belly Band" or "Blue Maternity Band" also constitute permissible uses by defendants under the terms of this paragraph and the Agreement, provided that in all instances any use of the term "Maternity Belly Band" in capitals as allowed shall have Baby Be Mine Belly Band or Baby Be Mine Maternity Belly Band as an antecedent on the publication, i.e., it will be clear to the reader that the belly band being referred to is a Baby Be Mine belly band and that the words "belly band" are acting as a descriptor of the product.

For purposes of this paragraph and Paragraph 4 below, the term belly band shall include the following spelling variations: belley band and bellie band.

4.    <u>The Parties' Agreement Regarding the Use of the Term "belly band."</u>   The parties expressly acknowledge and agree that neither plaintiffs nor defendants have any ownership rights in, or exclusive rights to use, the phrase "belly band". The parties further acknowledge and agree that neither party will seek to establish or claim trademark, copyright or other exclusive ownership rights in the phrase "belly band".

The parties further acknowledge and agree that if either the plaintiffs or defendants use the phrase "belly band" by itself in a sentence, without any other term, word or phrase, as a means of describing a Maternity Band, the parties will not capitalize either word and shall use "belly band." For example, the following sentence constitutes a permissible use of the phrase under the terms of this paragraph and Agreement:

"We offer belly bands in several different colors."

Conversely, the following sentence would not be a permissible use under the terms of this paragraph and Agreement:

"The Belly Band provides added comfort and support."

As a final example, the following sentence, using the capitalized phrase, constitutes a permissible use under the terms of this paragraph and Agreement:

"Our Maternity Belly Band provides added comfort and support."

To the extent that any party ("Complaining Party") believes that any other party to this Agreement ("Violating Party") is using the term "belly band" in violation of this paragraph, prior to filing any legal action or Complaint against the Violating Party, counsel for the Complaining Party shall provide written notice to counsel for the Violating Party, by facsimile and regular mail, advising of the alleged improper use. Upon receipt of the written notice by counsel for the Violating Party, the Violating Party shall have five (5) business days in which to either cure the alleged improper use, or serve the Complaining Party's counsel with a written response, and the parties agree to take reasonable efforts and act in good faith in an attempt to resolve any such

dispute. If the parties cannot resolve the dispute after the 5-day period, the Complaining Party shall be entitled to initiate appropriate legal action.

5.     **Defendants' Agreement Not to Oppose Registration of "BELLA BAND."** The parties acknowledge that plaintiffs filed an application for the trademark registration of "BELLA BAND," in October, 2005, and acknowledge that the application has not yet been published for opposition. In consideration of this Agreement, defendants agree that they will not file any opposition to plaintiffs' application.

6.     **Discontinuance of Lawsuit**. Within two (2) business days of the execution of this Agreement by all parties, the parties' counsel shall submit a Consent Order, to be approved by the Court, reflecting that the Action has been settled, but that the Court shall retain jurisdiction to enforce the terms of this Agreement. Each party to this Agreement shall pay their own attorneys' fees, costs and expenses incurred in connection with the Action.

7.     **Plaintiffs' Release of Defendants**. In consideration of the covenants and agreements contained herein, plaintiffs, for themselves and on behalf of each of their subsidiaries, divisions, affiliates, principals, predecessors, successors, assigns, licensees, related companies or entities, heirs and each of their respective present or former officers, directors, employees, shareholders, investors, accountants, owners, trustees, attorneys, agents, and representatives, hereby fully and forever release, remise, quit-claim and fully and forever discharge defendants from any and all known or unknown claims, demands, damages, accounts, debts, liens, suits, actions and rights or causes of action, which they now have or have ever had against defendants by reason of, or related to, any matter, event, thing, act, transaction or occurrence whatsoever that relates or refers to the Action, including, but not limited to, claims or defenses that were asserted or could have been asserted in the Action, from the beginning of time up to and including the date of this Agreement.

8.     **Defendants' Release of Plaintiffs**. In consideration of the covenants and agreements contained herein, defendants, for themselves and on behalf of each of their subsidiaries, divisions, affiliates, principals, predecessors, successors, assigns, licensees, related companies or entities, heirs and each of their respective present or former officers, directors, employees, shareholders, investors, accountants, owners, trustees, attorneys, agents, and representatives, hereby fully and forever release, remise, quit-claim and fully and forever discharge plaintiffs, including their subsidiaries, divisions, affiliates, principals, predecessors, successors, assigns, licensees, related companies or entities, heirs and each of their respective present or former officers, directors, employees, shareholders, investors, accountants, owners, trustees, attorneys, agents, and representatives from any and all known or unknown claims, demands, damages, accounts, debts, liens, suits, actions and rights or causes of action, which they now have or have ever had against plaintiffs by reason of, or related to, any matter, event, thing, act, transaction or occurrence whatsoever that relates or refers to the Action, including, but not limited to, claims or defenses that were asserted or could have been asserted in the Action, from the beginning of time up to and including the date of this Agreement.

9.     **The Entire Agreement**. The terms and conditions of this Agreement shall constitute the entire Agreement, compromise and settlement of the Action.

10.  **Severability**.  If any portion of this Agreement shall be deleted by Agreement of the parties, or declared void, or found unenforceable by a court or administrative agency of competent jurisdiction, then such portion shall be deemed severed from this Agreement and the remaining terms shall continue in full force and effect.

11.  **Agreement Governed By California Law.**  This Agreement is to be governed by, and construed in accordance with, the laws of the State of California.

12.  **Binding Successors and Assigns**.  All of the terms and conditions of this Agreement shall be binding upon, and inure to the benefit of, the parties hereto and their respective heirs, successors, and assigns.

13.  **Authority of Signatories**.  The signatories hereto covenant, represent and warrant that they are of legal age, are under no disability and have the mental capacity and authority to legally bind themselves, and are duly authorized to execute this Agreement on behalf of the designated party.

14.  **Captions**.  The captions used herein are for convenience and identification purposes only.


INTENTIONALLY LEFT BLANK

15.    <u>Signature and Counterpart</u>. This document may be signed in counterpart by each of the signatories hereto, and shall be deemed fully executed upon receipt by all signatories of signature pages executed by each signatory hereto. Such signature pages may be transmitted via facsimile.

IN WITNESS HEREOF and intending to be legally bound hereby, the undersigned hereunto set their hands in seals effective as of the date set forth above.

INGRID CARNEY                                    ISABELLE GARTNER

_Ingrid Carney_                                  _____

Dated: 5/10/06                                   Dated: _____

INGRID & ISABEL, INC.                            HELEN TEKCE

By: _Ingrid Carney, President_                   _____

Dated: 5/10/06                                   Dated: _____

                                                 BABY BE MINE, LLC

                                                 By: _____

                                                 Dated: _____

6

16.    <u>Signature and Counterpart</u>.  This document may be signed in counterpart by each of the signatories hereto, and shall be deemed fully executed upon receipt by all signatories of signature pages executed by each signatory hereto.  **Such signature pages may be transmitted via facsimile.**

**IN WITNESS HEREOF** and intending to be legally bound hereby, the undersigned hereunto set their hands in seals effective as of the date set forth above.

**INGRID CARNEY**                          **ISABELLE GARTNER**

_____                    _____

Dated:                                     Dated: 05.10.06

**INGRID & ISABEL, INC.**                  **HELEN TEKCE**

By:_____                 _____

Dated:                                     Dated:

**BABY BE MINE, LLC**

By: _____
Dated: 05.10 06

15.    <u>Signature and Counterpart</u>.  This document may be signed in counterpart by each of the signatories hereto, and shall be deemed fully executed upon receipt by all signatories of signature pages executed by each signatory hereto.  **Such signature pages may be transmitted via facsimile.**

**IN WITNESS HEREOF** and intending to be legally bound hereby, the undersigned hereunto set their hands in seals effective as of the date set forth above.

**INGRID CARNEY**

_____

Dated:

**INGRID & ISABEL, INC.**

By:_____

Dated:

**ISABELLE GARTNER**

_____

Dated:

**HELEN TEKCE**

_____

Dated: 5/11/06

**BABY BE MINE, LLC**

By: _____

Dated:

6

1    Frear Stephen Schmid, State Bar No. 96089
     LAW OFFICE OF FREAR STEPHEN SCHMID
2    177 Post Street, #890
     San Francisco, California 94108
3    Telephone: 415.788.5957
     Facsimile: 415.788.5958
4
5    Attorney for Plaintiffs
     INGRID CARNEY AND INGRID & ISABEL, INC.,
6
7
8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10   INGRID CARNEY AND INGRID & ISABEL,     )    Case No.: C 06 1832 WDB
     INC.,                                   )
11                                           )    **REQUEST FOR DISMISSAL AND**
                    Plaintiffs,              )    **ORDER**
12                                           )
                vs.                          )
13                                           )
     ISABELLE GARTNER AND HELEN TEKCE,       )
14   individually and collectively d.b.a BABY BE MINE, )
                                             )
15                  Defendants.              )
                                             )
16   _____

17       Plaintiffs Ingrid Carney and Ingrid & Isabel, Inc. (hereinafter collectively referred to as

18   "Plaintiffs"), and defendants Isabelle Gartner and Helen Tekce, individually and collectively d.b.a.

19   Baby Be Mine (hereinafter collectively referred to as "Defendants"), by and through their

20   undersigned counsel, hereby consent, stipulate and agree, subject to the approval of the Court, as

21   follows:

22       1.    All claims asserted by Plaintiffs against Defendants in the above-captioned matter are

23   dismissed and/or withdrawn, as provided for in the General Release and Settlement Agreement

24   ("Agreement") entered into by and between the Plaintiffs against Defendants on May 11, 2006; and

25
26
27
28
                                              1

1    2.    Notwithstanding the discontinuance of this action, the Court shall retain jurisdiction

2    to enforce the terms of the parties' Agreement.

3

4    Dated: May 15, 2006, 2006          LAW OFFICE OF FREAR STEPHEN SCHMID

5

6                                       By:    /s/ Frear Stephen Schmid

7                                              FREAR STEPHEN SCHMID
                                               Attorney for Plaintiffs INGRID CARNEY
                                               and INGRID & ISABEL, INC.
8

9    Dated: May 15, 2006                COZEN O'CONNOR

10

11

12                                      By:    [signature]

13                                             JOHN C. BARNOSKI
                                               Attorneys for Defendants ISABELLE
14                                             GARTNER and HELEN TEKCE, d.b.a.
                                               BABY BE MINE
15

16   IT IS SO ORDERED.

17

18   Dated: May 17, 2006                /s/ Wayne D. Brazil

19                                      WAYNE D. BRAZIL
                                        MAGISTRATE JUDGE OF THE
                                        DISTRICT COURT
20

21

22

23

24

25

26   SANFRAN1\35960\1185334.000

27

28
                                              2
                             REQUEST FOR DISMISSAL AND ORDER
                                    (Case No.: C 0 61832)