ROBERT J. YORIO (SBN 93178)
yorio@carrferrell.com
ILENE H. GOLDBERG (SBN 168051)
igoldberg@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CHRISTOPHER P. GREWE (SBN 245938)
cgrewe@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile: (650) 812-3444

Attorneys for Plaintiffs/Counterdefendants
INGRID & ISABEL, INC. and
INGRID & ISABEL, LLC

PETER W. CRAIGIE (SBN 99509)
craigielaw@aol.com
CRAIGIE, MCARTHY & CLOW
540 Pacific Avenue
San Francisco, California 94133
Telephone: (415) 732-7788
Facsimile: (415) 732-7783

ROBERT N. LEVIN (*Admitted Pro Hac Vice*)
r.levin@erols.com
LAW OFFICES OF ROBERT N. LEVIN, P.C.
1901 Research Boulevard, Suite 400
Rockville, Maryland 20850
Telephone: (301) 517-8727
Telecopier: (301) 762-4056

Attorneys for Defendant/Counterclaimant
BABY BE MINE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

INGRID & ISABEL, INC., a California corporation, and INGRID & ISABEL, LLC, a California limited liability company,

Plaintiffs,

v.

BABY BE MINE, LLC, a Delaware limited liability company,

Defendants.

AND RELATED COUNTERCLAIMS.

CASE NO. C08-02554 JCS

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

Date: September 12, 2008
Time: 1:30 p.m.
Courtroom: A, 15th Floor
Judge: Hon. Joseph C. Spero

Plaintiffs Ingrid & Isabel, Inc. and Ingrid & Isabel, LLC ("Plaintiffs") and Defendant Baby Be Mine LLC ("Defendant") hereby submit their Joint Case Management Statement in this action.

**1. JURISDICTION AND SERVICE**

The parties agree that this Court has subject matter jurisdiction over this action and personal jurisdiction over all parties.

## 2. STATEMENT OF FACTS

### A. Plaintiffs' Summary of Facts

Plaintiffs own all rights, title and interest in U.S. Patent No. 7,181,775, which issued on February 27, 2007 ("'775 Patent"). On or about May 20, 2008, Plaintiffs filed the instant action against Defendant for infringement of the '775 Patent and unfair competition in connection with Defendant's web site communications, magazine advertisements and direct marketing material, in violation of federal, state and common law. Specifically, Plaintiffs allege that Defendant uses, imports, distributes, offers for sale and/or sells certain maternity band products in the United States that infringe the '775 Patent, including, but not limited to Defendant's Belly Band product. Plaintiffs further allege that Defendant's web site communications, marketing and advertising materials are confusingly similar to Plaintiffs' advertising (which includes customer communications, advertisements, press releases, pencil drawings, sizing charts, product inserts, product colors, product descriptions and photographs).

Defendant denies any patent infringement or unfair competition and has asserted a Counterclaim including a claim for declaratory judgment of non-infringement and a claim for breach of contract. Defendant's breach of contract claim is based on a settlement agreement ("Settlement Agreement") reached in a prior trademark infringement case involving plaintiffs Ingrid & Isabel, Inc. and Ingrid Carney and Defendant Baby Be Mine, LLC, among other defendants, in NDCA Case No. 06-1832 (WDB) ("Prior Action"). Defendant incorrectly asserts that the release provisions of the Settlement Agreement prohibit Plaintiffs from bringing the instant action. The actual terms of the relevant release paragraph, however, are expressly limited to claims possessed by Plaintiffs prior to and up to the date of the agreement. Moreover, the Prior Action did not involve any patent claims, nor could it since the patent did not issue until the following year. To the contrary, the complaint in the Prior Action only set forth claims for trademark infringement and unfair competition.

The unfair competition claim in the Prior Action is not identical to the unfair competition claims in the present case either, as falsely alleged by Defendant. Rather, the claims in the Prior Action were based on Defendant's unlawful use of the designation and representations "Bella

Band," "Bella Belly Band and Belly Band" and "Bella Baby Be Mine Maternity Baby Band," constituting a false designation of origin, likely to cause confusion, likely to cause mistake and likely to deceive as to the affiliation, connection or association of Defendant with the plaintiffs, in violation of 15 U.S.C. §1125(a). The claims in the present case relate to confusingly similar web site communications, marketing and advertising materials made by Defendant after the effective date of the Settlement Agreement.

Based on the foregoing facts, Plaintiffs have requested that Defendant withdraw its breach of contract claim and similar affirmative defenses asserted in its Answer to Plaintiffs' Complaint.

**B. Defendant's Summary of Facts**

Defendant denies that it has infringed the '775 Patent. Defendant's Belly Bands are designed to be worn over the abdomen of a woman as decorative cover to allow the woman to wear skirts and pants unbuttoned as needed to accommodate the changes in a woman's body shape as the result of a pregnancy. They are never advertised as being a means by which skirts or pants can be held up. They are manufactured in soft fabrics and would not function to hold up skirts or pants unless a woman chose to wear a Belly Band that was too small in size and worn in disregard to the sizing shown on Defendant's packaging materials. Defendant cannot directly infringe the patent because the Patent discloses a method whereby a pregnant woman or a recently pregnant woman can use a maternity belt to hold up her skirt or pants. Defendant is not a human being and thus cannot use the methods of the subject patent. Maternity bands such as those sold by Defendant are well known and have been well known for many years. They can be used for purposes other than holding up garments and therefore they can be used for a noninfringing use and thus do not contributorily infringe the subject patent. Defendant has never marketed its products for the purpose of holding up garments and therefore it is not guilty of inducing others to infringe the patent. Further, Defendant denies that the '775 Patent is valid.

Defendant denies that it is guilty of unfair trade practices under either Federal or State law. Its advertising is similar to that of other vendors of maternity belts and maternity garments in general. These are sold by all vendors as both fashion items and practical items to deal with pregnancies and necessarily are similar to other fashion advertisements.

Defendant alleges that in the settlement of the prior action between the parties, samples of Defendant's future advertisements were presented to Plaintiffs and Plaintiffs agreed that the advertisements did not violate Plaintiffs' rights. The principal complaint in the earlier action concerned the use of the mark BELLA BAND which Defendant stopped using. The earlier action involved identical legal claims of unfair trade practices under the same Federal and State laws. Plaintiffs are in violation of the Settlement Agreement and are guilty of laches in that at all times relevant hereto they have, been very familiar with Defendant's marketing and advertising activities and did not complain about those until now.

Defendant denies that Ingrid & Isabel, LLC has standing to assert the claims made on its behalf based upon Plaintiff's acknowledgment in the Complaint that it has assigned its rights to the other Plaintiff.

**C. The Principal Factual Issues Which The Parties Dispute**:

a. Whether Defendant manufactured, used, sold, distributed, offered for sale and/or imported products infringing the '775 Patent in the United States;

b. If Defendant has manufactured, used, sold, distributed, offered for sale and/or imported products infringing the '775 Patent in the United States, what damages or other relief Plaintiffs are entitled to;

c. Whether the '775 Patent is invalid under Title 35 of the United States Code and/or under the applicable judicial precedents;

d. The amount of Plaintiffs' damages for infringement;

e. Whether Defendant's alleged infringement is willful;

f. Whether Defendant's web site communications, marketing or advertising materials are confusingly similar to Plaintiffs' advertising, misleading and/or likely to deceive the public into believing that an affiliation, connection or association between the parties exists or is likely to cause confusion, mistake, or deceive as to the affiliation, connection, or association of Defendant and Plaintiffs, or as to the origin, sponsorship, or approval of Defendant's goods, services or commercial activities by Plaintiffs;

g. Whether Defendant's acts constituting unfair competition were deliberate and/or willful;

h. Whether Plaintiffs are entitled to an award of attorneys' fees;

i. Whether Plaintiffs are guilty of breaching the Settlement Agreement;

j. Whether Plaintiffs are guilty of laches or other acts that would estop them from bringing this action;

k. Whether this is an extraordinary matter entitling Defendant to its costs including attorneys' fees;

l. Whether Defendant is entitled to its costs including reasonable attorneys' fees in connection with Plaintiffs' breach of the Settlement Agreement;

m. Whether Defendant is guilty of unfair trade practices under either Federal or State law;

n. Whether Ingrid & Isabel, LLC has standing to participate in this action as a Plaintiff.

**3. LEGAL ISSUES**

The disputed points of law are anticipated to be:

a. The proper construction of the claims of the patents-in-suit;

b. Whether and to what extent Defendant infringes, contributorily infringes, and/or infringes by inducement the asserted claims of the '775 Patent under 35 U.S.C. § 271;

c. Whether Plaintiffs are entitled to an injunction against Defendant, its officers, agents, servants, employees, attorneys, and all persons acting in active concert or participation with Defendant from infringing, contributing to, and/or inducing the infringement of the '775 Patent under 35 U.S.C. § 283;

d. Whether Plaintiffs are entitled to attorneys' fees and costs pursuant to 35 U.S.C. § 285;

e. Whether Plaintiffs are entitled to treble damages pursuant to 35 U.S.C. § 284;

f. Whether and to what extent Plaintiffs are entitled to a reasonable royalty from Defendant under 35 U.S.C. § 154;

g. Whether and to what extent Plaintiffs are entitled to increased damages for the

willful and deliberate nature of Defendant's acts of unfair competition;

h. Whether and to what extent Plaintiffs are entitled to profits and damages awardable under 15 U.S.C. §1117(a);

i. Whether and to what extent Plaintiffs are entitled to treble damages as provided for under 15 U.S.C. §1114 and §1117(b);

j. Whether Plaintiffs are entitled to injunctive relief with respect to their unfair competition claims;

k. The effect of the Settlement Agreement in the Prior Action on this matter.

The parties reserve the right to raise additional factual or legal issues that may arise through the course of this action.

**4. MOTIONS**

Plaintiffs anticipate filing a summary judgment motion as to Count Two of Defendant's Counterclaim for breach of contract if Defendant does not agree to withdraw this claim forthwith. Plaintiffs have already requested that Defendant withdraw Count Two.

Plaintiffs also anticipate claim construction briefing under the Patent Local rules and various summary judgment motions following the issuance of the claim construction order.

Defendant anticipates that it may file for summary judgment on the patent issues prior to the claim construction briefing and does not anticipate any Markman proceeding.

Defendant also anticipates filing a Motion for Summary Judgment as to all issues in this case.

**5. AMENDMENT OF PLEADINGS**

As of the date of the present Joint Case Management Statement, the Parties do not expect to add or dismiss any parties, claims, or defenses. Plaintiffs reserve the right to amend its pleadings to add additional defendants or additional claims for relief as necessary during the course of discovery in this action. Defendant similarly reserves the right to amend its pleadings or to bring claims against Plaintiffs or others based upon events in discovery or during the pendency of this case.

**6. EVIDENCE PRESERVATION**

The parties have mutually agreed to impose a litigation hold on documents and

electronically stored information reasonably related to his action, which includes active steps to prevent erasure of emails, voicemails, and other electronically-recorded material.

**7. DISCLOSURES**

The parties have agreed to exchange Initial Disclosures concurrently with the filing of this Joint Case Management Conference Statement on September 12, 2008.

**8. DISCOVERY**

At this time, the parties propose altering the discovery limits imposed by the Federal Rules of Civil Procedure and the Local Rules as follows:

a. Plaintiffs may notice and take no more than ten (10) depositions lasting a total of no more than seventy (70) hours;

b. Defendant may notice and take no more than ten (10) depositions lasting a total of no more than seventy (70) hours;

c. A testifying expert shall not be subject to discovery on any draft of the report in this case that was written by the testifying expert or his or her staff and such draft reports, notes or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery;

d. Discovery of materials provided to testifying experts shall be limited to those materials, facts, and other matters actually relied upon by the testifying expert in forming his final report, trial or deposition testimony or any opinion in this case. No discovery can be taken from any consulting expert.

e. No conversations or communications between counsel and any testifying or consulting expert, including any communications or drafts of agreements created prior to the date of the consulting agreement, will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

f. Materials, communications, and other information exempt from discovery under paragraphs c through e shall be treated as attorney-work product for the purposes of this litigation.

All documents and electronically stored information ("ESI") produced in discovery will be

produced in a searchable format.

Data integrity for the underlying native files for ESI produced in discovery shall be preserved by performing a routine copy of the files and using reasonable measures to prevent the files from being modified at the time or thereafter. If the content or the metadata of the files are intentionally modified, the producing party must inform the requesting party by providing the date of modification, the reason for modification, the persons involved in the modification; and a detailed and accurate description of the contents of the file prior to each modification.

If the producing party redacts content of any document or ESI file before production in discovery for privilege or other permissible purpose, then the producing party must indicate that the file has been redacted, and an original, unmodified file must be retained at least during the pendency of the case.

The costs of document production will be borne by the parties in accordance with Fed. R. Civ. P. 26.

**9. CLASS ACTIONS**

Not applicable.

**10. RELATED CASES**

No related cases are pending before other judges of this Court.

This Court issued a Related Case Order on July 16, 2008, relating this case to *Ingrid Carney, et al. v. Mothers Work, Inc.*, NDCA Case No. 07-1153 (JCS) ("*Mothers Work* case"). (Docket No. 44). The *Mothers Work* case was filed by plaintiffs Ingrid Carney and Ingrid & Isabel, Inc. and alleged infringement of the '775 Patent – the same patent at issue in this case – by Mothers Work, Inc. The case was resolved by a Stipulated Order and Consent Judgment against Mothers Work, Inc., dated May 19, 2008. *See* Exhibit A attached hereto (Stipulated Order and Consent Judgment in Case No. 07-1153 (JCS) (Docket No. 40)).

**11. RELIEF**

With respect to their patent infringement claims, Plaintiffs seek damages, injunctive relief, a declaration that the patent-in-suit is enforceable and that Defendants have willfully infringed, enhanced damages under 35 U.S.C. § 284, and costs and attorneys' fees including those awardable

under 35 U.S.C. § 285. Plaintiffs expect that their damage computations will be based upon an adequate compensation for the infringement of the patents-in-suit, including damages and a reasonable royalty on the manufacturing, distribution, and sales of infringing products, enhanced damages for willful infringement, and attorneys' fees and costs associated with conducting this suit. With respect to their unfair competition claims, Plaintiffs seek damages, including increased damages for the willful and deliberate nature of Defendant's acts, profits and damages awardable under 15 U.S.C. §1117(a), treble damages as provided for under 15 U.S.C. §1114 and §1117(b), punitive damages, injunctive relief and costs and attorneys' fees.

At present, no actual computation of damages exists. To compute its damages, Plaintiffs expect to rely primarily on documents within the possession and control of Defendant relating to sales and profits of the Accused Products, which have not yet been provided. Plaintiffs may also rely on expert assistance in performing the damages computation.

Defendant is seeking an adjudication that it is not guilty of infringing the '775 Patent and that the Patent is invalid. Defendant also is seeking an adjudication that it is not guilty of unfair trade practices under either Federal or State law.

Defendant is seeking its costs and attorneys fees in this action. In addition, Defendant is seeking damages for Plaintiffs' breach of the Settlement Agreement which will correspond closely to the costs it is incurring in defending this action.

**12. SETTLEMENT AND ADR**

The parties have not yet participated in ADR. Plaintiffs are amenable to private mediation with JAMS. The parties in the *Mothers Work* case participated in mediation with the Hon. Edward A. Infante (Ret.) at JAMS. The *Mothers Work* case involved the same patent-in-suit as the present case. Additionally, Judge Infante is familiar with the patent, the claim construction terms and the issues involved, having been briefed by the *Mothers Work* parties and having presided over the mediation in that case. Consequently, Plaintiffs submit that private mediation with Judge Infante in this case will potentially expedite the alternative dispute resolution process in this case.

Defendant believes that in this jury action, the United States Magistrate Judge could hold a settlement conference. In the alternative, Defendant believes that a Mediator appointed by the

Court would be appropriate. Defendant would object to private mediation because of its cost.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties agreed to the appointment of a Magistrate Judge for all purposes and the case has been assigned to Magistrate Judge Joseph C. Spero.

**14. OTHER REFERENCES**

The Parties do not think this case is appropriate for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES**

The parties believe that it is premature to narrow the issues for trial other than to make the identifications required by the Patent Local Rules.

**16. EXPEDITED SCHEDULE**

Plaintiffs are willing to stipulate to the use of the same Joint Claim Construction and Pre-Hearing Statement regarding the '775 Patent that was filed in the *Mothers Work* case on November 20, 2007 (Docket No. 28 in NDCA Case No. 07-1153 (JCS)). Plaintiffs also are willing to stipulate to a concurrent deadline for filing Preliminary Infringement Contentions, Preliminary Invalidity Contentions and the Joint Claim Construction and Pre-Hearing Statement. Defendant does not believe that this is the type of case that can be handled on an expedited schedule with streamlined procedures.

Defendant is not willing to agree that it must file its Preliminary contentions regarding the Patent issues concurrently with those to be filed by Plaintiff. Defendant is entitled to see what it is that Plaintiff is claiming before it responds thereto.

**17. SCHEDULING**

No Case Management Schedule has been issued by the Court yet. Pursuant to this Court's Civil and Patent Local Rules, the parties suggest a schedule organization and dates as set forth in the [Proposed] Case Management Order below.

**18. TRIAL**

The parties request a trial date after August 2009. Plaintiffs believe that the estimated length of the trial in this case is 5-7 days. Defendant believes that the estimated length of the trial

in this case is 1-1½ days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs filed the Certification of Interested Entities or Persons on May 22, 2008. Defendant filed its Certification on July 24, 2008.

**20. OTHER MATTERS**

**A. Protective Order**

The parties anticipate submitting a Stipulated Protective Order to the Court.

**B. Claim Construction Hearing**

The Patent Local Rules require the parties to meet and confer about the manner in which the claim construction hearing will proceed. The parties believe that a determination of the manner in which the hearing will proceed, other than the proposed scheduling as set forth below, is premature.

**C. Jury Demand**

The parties demand a trial by jury on those issues triable by right to a jury.

**D. Proposed Docket Control Deadlines**

The parties propose following the Northern District's Patent Local Rules in their general outline, with departures to accommodate the nature of this action and to reduce the need for hearings before this Court.

The parties request a further Case Management Conference at this time.

Dated: September 5, 2008

CARR & FERRELL *LLP*

By: [signature]
ROBERT J. YORIO
CHRISTINE S. WATSON

Attorneys for Plaintiffs/Counterdefendants
INGRID & ISABEL, INC. and
INGRID & ISABEL, LLC

Dated: September 5, 2008

CRAIGIE, MCCARTHY & CLOW

By: /s/ Peter Craigie
PETER CRAIGIE

Attorneys for Defendant/Counterclaimant
BABY BE MINE, LLC

**[PROPOSED] CASE MANAGEMENT ORDER**

IT IS HEREBY ORDERED that the Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. Accordingly, pursuant to the Federal Rules of Civil Procedure and the Patent Local Rules, the Court Orders adoption of the following Pretrial Docket Control Schedule:

| Deadline | Nature of Discovery/Event |
| --- | --- |
| September 12, 2008 | Rule 26 Initial Disclosures |
| September 12, 2008 | Plaintiffs to serve Patent Initial Disclosures "Disclosure of Asserted Claims and Preliminary Infringement Contentions" with Document Production. Patent L.R. 3-1 & 3-2 (a-c). |
| October 27, 2008 | Defendant to serve "Preliminary Invalidity Contentions" with Document Production. Patent L.R. 3-3 & 3-4. |
| October 27, 2008 | Parties file a Joint Claim Construction and Prehearing Statement. Patent L.R. 4-3 |
| December 15, 2008 | Mediation Completion Deadline |
| November 14, 2008 | Plaintiffs to File and Serve Opening Brief with supporting evidence re claim construction. Patent L.R. 4-5(a) |
| December 2, 2008 | Defendant to File and Serve Responsive Brief with supporting evidence regarding claim construction. Patent L.R. 4-5(b). |
| December 9, 2008 | Plaintiffs to File and Serve Reply Brief with supporting evidence regarding claim construction. Patent L.R. 4-5(c). |
| January 2009 | Claim Construction Hearing. Patent L.R. 4-6. |
| February 28, 2009 | Non-Expert Fact Discovery Completed |
| April 1, 2009 | Designation of Experts |
| May 1, 2009 | Expert Reports Exchanged (on any matter on which a party bears the burden of proof) |
| June 1, 2009 | Responsive Expert Reports Exchanged |
| June 30, 2009 | Expert Discovery Completed |
| July 31, 2009 | Last Day to Hear Dispositive Motions |
| August 2009 | Pretrial Conference |

| | |
|---|---|
| September 2009 | Proposed Trial Date (expected to last 5-7 court days) |

**IT IS SO ORDERED.**

Dated:

______________________________________
HON. JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE